# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **AMANDA EDMONSON** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **STARBUCKS CORPORATION** | § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Now comes Defendant, Starbucks Corporation, and files this Notice of Removal of the present action from the 166th Judicial District Court of Bexar County, Texas, where it was filed as Cause No. 2020CI22724 ("the State Court Action"), to the United States District Court for the Western District of Texas, San Antonio Division. As grounds for removal, Starbucks states as follows:

### I. INTRODUCTION

1. The present premises liability suit arises from an alleged incident that occurred on March 10, 2020 at the Starbucks premises located at 5701 Tri-County Parkway, Schertz, Texas.[1] At the time of the alleged incident, Plaintiff, Amanda Edmonson, was on Starbucks Corporation's premises when she claims that she sat in a chair which broke and caused her to fall backwards, thereby sustaining injuries losses and/or damages.[2] Plaintiff seeks monetary relief over $1,000,000.[3]

2. On November 23, 2020, Plaintiff filed the State Court Action naming Starbucks as the only Defendant and asserting theories of recovery which include premises liability,

---

1      Plaintiff's Original Petition, ¶ IV.9, ***Exhibit "1"***

2      Plaintiff's Original Petition, ¶¶ IV.9 & VI.26, ***Exhibit "1"***

3      Plaintiff's Original Petition, ¶¶ III.5 & VI.32, ***Exhibit "1"***

premises defect and gross negligence.[4] As damages, Plaintiff seeks medical expenses in the past and future, physical pain and mental anguish in the past and future, physical impairment in the past and future, lost wages in the past, loss of earning capacity in the future, loss of consortium in the past and future, loss of household services in the past and future, disfigurement in the past and future, and exemplary damages.[5]

3.  Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders served on Defendants in the State Court Action are attached hereto.

## II. REMOVAL IS TIMELY

4.  Plaintiff served Starbucks with process on December 3, 2020.[6] Pursuant to 28 U.S.C. § 1446(b)(3), Starbucks now timely files this Notice of Removal within 30 days after service and receipt of Plaintiff's Original Petition. Additionally, this case is being removed within one year of commencement of the action, as required by 28 U.S.C. § 1446(c)(1).

## III. GROUNDS FOR REMOVAL

5.  Removal is proper because Plaintiff and Starbucks are completely diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

**A.  The Amount In Controversy Exceeds $75,000**

6.  As required under section 28 U.S.C. 1332(a), the amount in controversy in this litigation exceeds the sum or value of $75,000, exclusive of interest and costs. As noted in paragraph I.1 above, Plaintiff seeks recovery for personal injuries, losses and/or damages she alleges to have sustained while on Starbucks Corporation's premises and requests monetary

---

[4] Plaintiff's Original Petition, ¶ V, ***Exhibit "1"***

[5] Plaintiff's Original Petition, ¶ VI.26 – VI., ***Exhibit "1"***

[6] Notice of Service of Process, ***Exhibit "3"***

relief over $1,000,000.00. Thus, the amount in controversy is satisfied on the face of Plaintiff's Original Petition.

**B.　Complete Diversity Of Citizenship Between Plaintiff and Starbucks**

7.　Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *See McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir.2004); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Complete diversity exists in this case between Plaintiff and Starbucks because Plaintiff is a citizen of the State of Texas, and Starbucks is a Washington corporation, with its principal place of business in Seattle, Washington. *See* 28 U.S.C. § 1332 (c)(1) (instruction "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). Here, Plaintiff and Defendant are citizens of different states, thus, there is complete diversity of citizenship between the parties. *See McLaughlin*, 376 F.3d at 353; *Harvey*, 542 F.3d at 1079.

### IV.　VENUE IS PROPER

8.　Paragraph III.7 of Plaintiff's Original Petition alleges that venue is proper in Bexar County, Texas because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in such county. In reality, venue proper lies in Guadalupe County where the Starbucks store in question is located and where all events giving rise to this suit occurred. As required by the Texas Rules of Civil Procedure's due order of pleading requirements, Starbucks filed a timely and proper Motion to Transfer Venue which is essentially rendered moot by virtue of this removal.

9.　The San Antonio Division of the Western District of Texas encompasses both the county of alleged venue (Bexar County, Texas) and the county of proper venue (Guadalupe

County, Texas), thus, venue over this removed action is proper in this Court. 28 U.S.C. § 124(d)(4); 28 U.S.C. § 1441(a).

## V. STARBUCKS HAS COMPLIED WITH ALL PROCEDURAL REQUIREMENTS FOR REMOVAL

10. As required under 28 U.S.C. § 1446(a), the following documents are attached to this Notice of Removal:

    a. ***Exhibit 1*:** Plaintiff's Original Petition and Attached Discovery;

    b. ***Exhibit 2:*** Citation addressed to Starbucks Corporation;

    c. ***Exhibit 3***: Notice of Service of Process on Starbucks Corporation;

    d. ***Exhibit 4***: Motion to Transfer Venue and Original Answer of Starbucks Corporation; and

    e. ***Exhibit 5:*** Docket sheet from the State Court Action.

11. A Notification of Removal of Civil Action has today been filed with the District Clerk of Bexar County, Texas as required by 28 U.S.C. § 1446(d) and served on Plaintiff's attorney of record.

12. The filing fee has been paid by Starbucks to the Clerk of the Court.

## VI. JURY DEMAND

13. Plaintiff made a jury demand in the State Court Action and paid the required fee.

## VII. CONCLUSION AND PRAYER

14. Starbucks represents that it has complied with the removal statutes set forth above, and, thus, this action stands removed from the 166th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division. Accordingly, the filing of this notice, along with the filing of the notice in the State Court Action, and service of same upon Plaintiff's counsel serves immediately to confer

exclusive jurisdiction of this action upon this court and divests the state court of all jurisdiction over these proceedings and claims.

15. This Notice of Removal is filed expressly subject to and without waiving any defenses or objections to Plaintiff's Original Petition as allowed by the Federal Rules of Civil Procedure or by any applicable law.

Respectfully submitted,

**SHELTON & VALADEZ, P.C.**
600 Navarro Street, Suite 500
San Antonio, Texas 78205
Telephone: (210) 349-0515
Facsimile: (210) 349-3666
Email: gcorley@shelton-valadez.com

By: */s/ Gayla Corley*
**GAYLA CORLEY**
State Bar No. 00790505
**ATTORNEYS FOR DEFENDANT,
STARBUCKS CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was electronically filed with the Clerk of the United States District Court for the Western District of Texas, San Antonio Division, and that a true and correct copy of the foregoing instrument and the documents referred to herein will be served upon all counsel of record pursuant to ECF as to Filing Users on this the 23rd day of December, 2020:

*VIA E-SERVICE*: *gsimmons-svc@thomasjhenrylaw.com*

Mr. Gregory S. Simmons
**THOMAS J. HENRY, INJURY ATTORNEYS**
5711 University Heights Boulevard, Suite 101
San Antonio, Texas 78249

*/s/ Gayla Corley*
**GAYLA CORLEY**